IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 6:24-721 |
| | ) | |
| | ) | 18 U.S.C. § 1343 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | 28 U.S.C. § 2461(c) |
| JOSEPH GALLAGHER | ) | |
| | ) | INDICTMENT |

1.  That beginning in or about January 2021, and continuing until in or about August 2022, in the District of South Carolina and elsewhere, the Defendant, JOSEPH GALLAGHER, did knowingly devise a scheme and artifice to defraud and to obtain monies by means of false and fraudulent pretenses, representations, and promises, and during such period, in the course of executing said scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain electronic signals, such scheme and artifice and such wire communications being more fully set forth below.

THE SCHEME AND ARTIFICE

2.  It was a part of the scheme and artifice to defraud that JOSEPH GALLAGHER served as the president and CEO of AFL Telecommunications, which is owned by Fujikura, Inc.

3.  It was a part of the scheme and artifice that JOSEPH GALLAGHER created a false business document indicating EPIC Development Group, LLC ("EPIC"), was serving as a consultant for AFL in the field government contracts and optical infrastructure. In truth, EPIC was a builder and was building a house for JOSEPH GALLAGHER on Kiawah Island.

4. It was part of the scheme and artifice to defraud when EPIC submitted invoices for construction costs, JOSEPH GALLAGHER would alter them to indicate that the recipient of the services was AFL and that the services involved consulting rather than construction. JOSEPH GALLAGHER would further submit the altered invoices to AFL for payment.

5. JOSEPH GALLAGHER succeeded, through fraud and deceit, in obtaining approximately $2,545,068 from AFL for the construction of a home on Kiawah Island.

## COUNTS 1-3

THE GRAND JURY CHARGES:

6. The allegations of paragraphs 1 through 5 of this indictment are alleged herein as setting forth a scheme and artifice to defraud.

7. On or about the date reflected below, in the District of South Carolina and elsewhere, the Defendant, JOSEPH GALLAGHER, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as described above, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, writings, and sounds, that is funds transfers and related documents as further set forth below:

| Count | Date | Description |
|---|---|---|
| 1 | 3/29/2021 | A $160,868 payment from AFL's Bank of America account to EPIC |
| 2 | 4/28/2021 | A $163,243 payment from AFL's Bank of America account to EPIC. |
| 3 | 6/2/2021 | A $178,636 payment from AFL's Bank of America account to EPIC. |

All in violation of Title 18, United States Code, Section 1343.

# FORFEITURE

**WIRE FRAUD:**

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, JOSEPH GALLAGHER, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to such offenses.

**PROPERTY:**

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $2,545,068 in United States currency and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to his violation of 18 U.S.C. § 1343.

**SUBSTITUTE ASSETS:**

If any of the property described above, as a result of any act or omission of a Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty.

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A True Bill

REDACTED
FOREPERSON

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:_____
William J. Watkins, Jr. (Fed. ID # 07863)
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Tel.: 864-282-2100
Fax: 864-233-3158
Email: bill.watkins@usdoj.gov